UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD SCOTT,

           Plaintiff,

    v.

PACIFIC COUNTY, *et al.*,

           Defendants.

Case No.  C05-5711RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**September 29th,  2006**

       This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

       The only named defendants in this action were Pacific County and the City of Long Beach.  Pacific County was previously dismissed from the action on a motion for summary judgment.  (Dkt. # 47). The city has moved for summary judgment on the grounds that it cannot be held liable under a theory of *respondeat superior*, the statute of limitations has run on all claims, plaintiff's claims are barred because it constitutes an impermissible collateral challenge to his current confinement, plaintiff has not stated a proper RICO claim, and plaintiff has failed to file a tort claim and therefore may not proceed against the city. (Dkt. # 38).

       Plaintiff has not responded to the motion on the merits despite having been given nearly five months. Rather than respond plaintiff has filed motions for extensions of time, (Dkt. # 39 and 40).  On July 20th, 2006

REPORT AND RECOMMENDATION
Page - 1

Plaintiff was informed that this motion would be considered on August 11th, 2006. (Dkt. # 55). Rather than respond on the merits plaintiff has moved for reconsideration. (Dkt. # 57). His motion is denied by separate order.

Plaintiff alleges he is unable to respond as persons who are not defendants in this action have taken his computer. The documents submitted by Mr. Scott show his computer being taken in connection with his civil commitment proceedings in state court. (Dkt # 57, appendix B). Mr. Scott had stored unauthorized pictures of three young children naked from the waist up on the hard drive of his computer. (Dkt # 57, appendix B).

The court is aware that Mr. Scott is held involuntarily in a treatment facility designed to treat persons who suffer from mental conditions that make them sexual predators.

## FACTS

Defendant sets forth the facts in it's motion for summary judgment and plaintiff has not contradicted defendant's assertions. Plaintiff was arrested May 10th, 2001 by City of Long Beach police officers for rape of a child in the third degree. At a bail hearing held May 11th, 2001 the Pacific County Superior Court set bail at $250,000. Plaintiff was charged May 15th, 2001 and on May 25th, 2001 he plead guilty. On July 6th, 2001 he was sentenced to 34 months. (Dkt. # 38, pages 1 and 2). Plaintiff filed a personal restraint petition challenging the sentence because his plea agreement called for a 20 month sentence. On May 16th, 2003 plaintiff was re-sentenced. Civil commitment proceedings were then initiated and the Plaintiff is currently being held on the civil proceedings. (Dkt. # 38, pages 1 and 2).

Plaintiff claims his conviction and arrest were improper because his victim was actually over the age of sixteen. He alleges the Pacific County Superior Court set an excessive bail which prevented him from obtaining pre-trial release and that personal property of his was stolen as a result of his failure to obtain release. Plaintiff also alleges malicious prosecution. (Dkt. # 38, page 3).

## STANDARD

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the

nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630(relying on Anderson, supra). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

The court must liberally construe plaintiff's pleadings because he is acting pro se. However, there are limits as to how far the court may go in construing a complaint. The court cannot add facts to a complaint that have not been plead and cannot supply essential elements to a complaint that the plaintiff has failed to plead. Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).

## DISCUSSION

1. Heck v. Humphrey.

In Heck the Supreme Court held that "[e]ven a prisoner who has fully exhausted available state

remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994)(emphasis added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

<u>Heck v. Humphrey</u>, 512 U.S. at 489 (1994).

 This court has been concerned with the application of the doctrine espoused in <u>Heck</u> to any case where the plaintiff was no longer in custody on that conviction.  Habeas corpus actions have an in custody requirement. 28 U.S.C. § § 2241 (c), 2254 (a), 2255.  An expired or completely served conviction does not meet the "in custody" requirement even if the conviction is later used to enhance a sentence.  <u>Garlotte v. Fordice</u>, 515 U.S. 39 (1995).

However, On March 27th, 2006 the Ninth Circuit decided the case of <u>Guerrero v. Gates</u>, 442 F.3d 697 (9th Cir. 2006).  The Court found that the fact that Guerrero "is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift *Heck's* bar."  Further, it is clear that the exceptions to this rule, as discussed in <u>Guerrero</u>, are not applicable to Mr. Scott.

In <u>Guerrero</u> the Court found that <u>Heck</u> barred claims for wrongful arrest, malicious prosecution and conspiracy to bring false charges.  Mr. Scott is also barred from bringing his claims of wrongful conviction and malicious prosecution in this § 1983 claim.  <u>Heck</u> does not, however, bar the claim on excessive bail as the plaintiff's success on this claim would not necessarily imply the invalidity of his prior conviction.  However, that claim is time barred.

2. <u>Statute of limitations and excessive bail</u>.

While 42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations, the applicable period of limitations for a Section 1983 action is three years under RCW 4.16.080(2).  <u>Rose v. Rinaldi</u>, 654 F.2d 546, 547 (9th Cir 1981).  The plaintiff knew that bail was set at $250,000 on May 11th, 2001 when he attended the bail hearing.  Plaintiff had until May 11th, 2004 to file this action.  Even if the court tolls the statute until plaintiff was sentenced on July 6th, 2001 the statue would have run by July 6th, 2004.

This claim was not filed until October 26th, 2005 and it is time barred.

3. <u>State tort claims</u>.

REPORT AND RECOMMENDATION
Page - 4

Defendant alleges plaintiff has failed to follow the state tort claims act which requires the filing of a tort claim before maintaining an action. (Dkt. # 38, page 10). Plaintiff has not addressed this argument or the assertion that he did not file a tort claim. However, in light of the above, this issue need not be addressed.

### CONCLUSION

The defendants are is entitled to dismissal of this § 1983 action **WITHOUT PREJUDICE** as the claims are barred pursuant to Heck. The remaining federal claim is time barred.. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 29th, 2006.**

DATED this 7th day of September, 2006.

Karen L. Strombom
United States Magistrate Judge